**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Emannuel AGWE, aka Kenny Otume Agnew; Kenny M. Agnew; Mekhelle Gulicia; Oni Muze Defendant–Appellant.**

**Nos. 01–50009, 01–50010.
D.C. Nos. CR–00–00605–MLR
CR–00–00606–MLR.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Emannuel Agwe appeals the 63–month sentence imposed following his guilty plea for conspiracy to possess stolen and forged securities of businesses affecting interstate commerce in violation of 18 U.S.C. § 371; possession of stolen, forged securities in violation of 18 U.S.C. § 513(a); conspiracy to launder money in violation of 18 U.S.C. § 1956(h); and use of a false social security number in violation of 42 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 408(a). We have jurisdiction over these consolidated appeals pursuant to 28 U.S.C. § 1291, and we affirm.

Agwe's sole contention on appeal is that there was insufficient evidence to support the loss amount resulting in the six-level sentence enhancement imposed by the district court pursuant to U.S.S.G. § 2S1.1(b)(2). We review the factual findings underlying a sentencing decision for clear error, *see United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001), and deem Agwe's contention unpersuasive.

The record here shows that Agwe expressly stipulated to a loss amount of $2.5 million in connection with an oral plea agreement, and did not contest the $2.3 million loss amount attributed to him in the presentence report. Furthermore, the record also shows that Agwe made no objection to the corresponding sentence imposed by the district court. Accordingly, Agwe has waived his right to challenge this portion of his sentence.[1] *See United States v. Flores*, 172 F.3d 695, 701 (9th Cir.1999).

**AFFIRMED.**

---

1. Assuming that Agwe has not waived his right to appeal this issue, the standard of review is plain error, due to his failure to object at sentencing. However, we do not see error, much less plain error, where the district court adopted a loss amount expressly stipulated to by Agwe and clearly calculated in the presentence report. *See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).